ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :    INFORMATION
                                 :
        - v. -                   :    19 Cr.
                                 :
GEORGE PAPADAKOS,                :    **19 CRIM 459**
                                 :
        Defendant.               :
                                 :
- - - - - - - - - - - - - - - - x

## COUNT ONE

(Wire Fraud)

The United States Attorney charges:

1. From at least in or about 2012 up to and including at least in or about September 2017, in the Southern District of New York and elsewhere, GEORGE PAPADAKOS, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, PAPADAKOS charged approximately $66,499 to a corporate credit card for personal expenditures without the authorization of his employer, and in connection therewith and in furtherance thereof, PAPADAKOS

transmitted and caused to be transmitted interstate wire transfers of funds.

(Title 18, United States Code, Sections 1343 and 2.)

### FORFEITURE ALLEGATION

2. As a result of committing the offense alleged in Count One of this Information, GEORGE PAPADAKOS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Asset Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 981;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

*[signature]*
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

GEORGE PAPADAKOS,

                Defendant.

---

**INFORMATION**

19 Cr.

(18 U.S.C. §§ 1343 & 2.)

GEOFFREY S. BERMAN
United States Attorney

---